WESLEY E. BROWN, District Judge.
 

 Defendant Isidro Nieto was convicted by a jury of conspiracy to transport marijuana, 21 U.S.C. § 846. He contends that the district court erred by admitting hearsay statements of alleged coconspirators into evidence at trial, that the evidence was insufficient to support his conviction, that the court erred in estimating the amount of marijuana upon which the sentence was based, and that the court erred by refusing to find that he was a minimal or minor participant in the conspiracy. For the reasons expressed herein, we affirm.
 

 Count One of a fifteen-count indictment alleged that between January, 1988 and July 20, 1993, eight individuals, including defendant Nieto, conspired to distribute marijuana. Mr. Nieto was tried jointly with another alleged conspirator, Ignacio Escareno. At trial, the government presented evidence that two men, Enrique Gonzales and Lorenzo Garcia, conspired with each other and with several others to import marijuana into the United States from Mexico and to distribute it in the Oklahoma City area. The evidence included wiretapped phone conversations suggesting that defendant Escareno was involved in the scheme. The government also presented the testimony of Lorenzo Garcia who, as part of a plea agreement, testified at trial and admitted his involvement in the scheme. Garcia testified that defendants Es-careno and Nieto each participated in the conspiracy. Garcia testified that Nieto was hired on three occasions by Enrique Gonzales to drive a car loaded with marijuana to a stash house and to help package the marijuana. In addition, Mary Helen Gomez, another individual who admitted to being involved in the scheme, testified that on several occasions she went to El Paso for the purpose of driving trucks containing marijuana back to Oklahoma City. She testified that she had met Nieto with Lorenzo Garcia in El Paso a couple of times and that on one such occasion Nieto brought her the truck that she was supposed to drive to Oklahoma City and gave her $150 for expenses.
 

 A.
 
 Coconspirator Hearsay.
 
 We first address defendant’s contention that the trial court erred by admitting hearsay statements of an alleged coconspirator without finding that the government had shown the factual predicate for the “coconspirator exception.”
 
 See
 
 Fed.R.Evid. 801(d)(2)(E). Statements that would otherwise be hearsay may be admitted under Rule 801(d)(2)(E) if a court determines that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made during the course and in furtherance of the conspiracy.
 
 Bourjaily v. United States,
 
 483 U.S. 171, 175, 107 S.Ct. 2775, 2778-79, 97 L.Ed.2d 144 (1987). Defendant contends that much of Lorenzo Garcia’s testimony was hearsay that should not have been admitted without a finding by the trial court that the testimony fell within the coconspirator exception. It is undisputed that the trial court made no such findings on the record.
 
 [1]
 
 Despite the lack of findings, we conclude that the trial judge committed no reversible error in admitting the challenged statements.
 

 1.
 
 Testimony admitted without objection.
 
 At the outset, we cannot fully agree with defendant’s assertion that all of the testimony now challenged “was admitted over Nie-to’s objection.” Aplt. Br. at 14, 16. The record shows that the defendant failed to raise a contemporaneous objection to most of the testimony in question. Generally, error may not be predicated on a ruling admitting evidence unless a timely objection was made. Fed.R.Evid. 103(a). Although we have recognized that an 801(d)(2)(E) issue may sometimes be preserved even as to testimony to which no specific objection was made,
 
 see United States v. Rascon,
 
 8 F.3d 1537, 1538 (10th Cir.1993), the objections raised in this
 
 *1467
 
 instance were not such as to preserve for review the entirety of the witness’s testimony.
 

 Preliminary to a determination of whether the challenged statements fell within the 801(d)(2)(E) exception was the question of whether the statements were hearsay at all. Lorenzo Garcia, if his testimony was to be believed, had been present with Mr. Nieto on more than one occasion and had personally observed certain aspects of Nieto’s participation in the scheme to distribute marijuana. Clearly, Mr. Garcia’s testimony recounting those observations would not be hearsay. On the other hand, testimony about statements made to him by Enrique Gonzales might be hearsay. The district court quite properly recognized this distinction when the defendant initially raised a hearsay objection to Garcia’s testimony relating to Gonzales hiring Nieto.
 
 [2]
 
 After this objection was overruled, the prosecutor attempted to have Garcia focus on events personally observed. It is clear from that record that much of Garcia’s subsequent testimony was based on personal observations. Garcia testified that he and Gonzales had received a load of marijuana from Mexico, that they didn’t have anyone to drive the car from El Paso to the stash house in Horizon City, that he was present when Gonzales called Nieto on the phone, that he and Gonzales thereafter picked up Nieto and took him to a parking lot in El Paso where the loaded car was located, that the ear was given to Nieto, that he saw Nieto drive the car and that he subsequently learned that the car had been delivered to the stash house, that he and Gonzales paid Nieto $300 for his help after the marijuana had been sold, that this same process was repeated on two other occasions, and that on the last such occasion Mr. Nieto helped he and Gonzales package the marijuana at the stash house. It is true the record also shows that at times Garcia interjected matters he had been told by Gonzales. For example, at one point Garcia testified that he knew Nieto had been hired because Gonzales told him so, to which the defendant objected on hearsay grounds. The trial court sustained this objection and ordered the jury to disregard the answer. Tr. Vol. Ill at 252. At another point, when defense counsel raised a challenge to a particular answer, the trial court questioned the witness to make certain that the answers were based on personal knowledge.
 
 See id.
 
 at 252; 254.
 

 It is clear to us that the trial court took an item-by-item approach to Garcia’s testimony, distinguishing between the witness’s personal observations and matters that the witness “knew” only because he had been told by Gonzales. Under these circumstances, the defendant’s hearsay objections to portions of Garcia’s testimony are not sufficient to preserve a challenge to other portions to which no contemporaneous objection was made. That being the case, we review the admission of the latter testimony only to determine if it constituted “plain error.” See Fed.R.Evid. 103(d). “Plain error” is error that affects the fundamental right of a defendant to a fair and impartial trial.
 
 United States v. Ellzey,
 
 936 F.2d 492, 500 (10th Cir.),
 
 cert. denied,
 
 502 U.S. 950, 112 S.Ct. 400, 116 L.Ed.2d 350 (1991). It must be both “obvious and substantial.”
 
 United States v. Torres,
 
 53 F.3d 1129 (10th Cir.),
 
 cert. denied,
 
 — U.S. -, 115 S.Ct. 2599, 132 L.Ed.2d 845 (1995).
 

 Having examined the record,
 
 [3]
 
 we conclude that admission of the testimony to
 
 *1468
 
 which no objection was made did not constitute plain error. It is not “obvious” that any of Garcia’s testimony in fact constituted hearsay.
 
 See
 
 Aplt. Br. at 15-16. For example, Garcia testified that he heard Gonzales tell defendant Nieto “to take the car.” Such testimony is not hearsay because it was not offered to prove the truth of anything asserted by the declarant.
 
 See
 
 Fed.R.Evid. 801(c). Rather, it was properly admitted to show the effect the statement had on Nieto.
 
 See Boren v. Sable,
 
 887 F.2d 1032, 1035 (10th Cir.1989) (Statement offered to show that the defendant heard and understood the statement, rather than to prove the truth of what was asserted, was offered for a non-hearsay purpose.)
 
 See also United States v. Cruz,
 
 805 F.2d 1464, 1478 (11th Cir.1986),
 
 cert. denied,
 
 481 U.S. 1006, 107 S.Ct. 1631, 95 L.Ed.2d 204 (1987) (A statement in the nature of an order or a request was not capable of being true or false; it was properly admitted to show its effect upon the person who heard it.) For the same reasons, Garcia’s testimony that he heard Gonzales tell Nieto to make the marijuana into “squares” and to load it into another car was admissible for a non-hearsay purpose — namely, to show the effect of the statement on the defendant. Garcia’s testimony indicated that the marijuana was in fact loaded into the other car as Gonzales had instructed. Tr. Vol. Ill at 255-56. Aside from such statements, we recognize that some of Garcia’s answers failed to disclose the means by which he had knowledge of facts to which he testified. To the extent a lack of foundation in some answers makes it unclear whether certain testimony was based on personal knowledge or hearsay, we conclude that admitting such evidence in the absence of an objection did not constitute plain error.
 

 2.
 
 Testimony admitted over objection.
 
 In addition to the testimony previously discussed, defendant’s brief cites three instances where he contends hearsay was admitted over his objection. The first of these was Garcia’s testimony that Gonzales hired the defendant. We find no error in the admission of this testimony because, aside from what Garcia had been told by Gonzales, Garcia’s conclusion that Nieto had been hired was also rationally supported by his personal observations of Gonzales and Nieto.
 
 See
 
 Fed.R.Evid. 701 (Lay witness may testify as to inferences rationally based on the perception of the witness.)
 

 The remaining two instances of alleged hearsay testimony both came as a result of Garcia’s attempts to explain how he knew Nieto drove the loaded car to the house in Horizon City:
 

 Q. How do you [know] it went to Horizon City?
 

 A. Because Enrique and I was partners, and in order for me to—
 

 THE COURT: Go ahead.
 

 A. In order for me to — I had to know everything because we was partners, right?
 

 Q. In the marijuana business?
 

 A. Yes. Enrique and I drive together, so at that point Enrique gives the orders on the phone, and I’m present.
 

 Q. When you—
 

 MR. HELMS [defense counsel]: Objection, Your Honor. May I approach the bench?
 

 THE COURT: Not on that one. If you have an objection as to this witness’s testifying as to Enrique’s end of a conversation with your client, that is overruled.
 

 Tr. Vol. Ill at 254.
 

 Even if we assume that these answers constituted hearsay and that the trial court erred in admitting them, we cannot find that such an error would warrant reversal of the conviction. Rule 52(a) of the Federal Rules of Criminal Procedure requires us to disregard any error which does not affect the substantial rights of the defendant. In this context, where the objection was based on hearsay grounds, we apply the nonconstitutional harmless error standard set forth in
 
 Kotteakos v. United States,
 
 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946).
 
 See United States v. Perez,
 
 989 F.2d 1574, 1583 (10th Cir.1993). That standard asks whether the error had a “substantial influence” on the outcome of the trial.
 
 Id.
 
 After examining the record as a whole, we conclude that any error in admitting these statements did not have a substantial influence on the outcome of the trial. As we noted previously, most of Garcia’s testimony was based on events that he personally observed. That
 
 *1469
 
 testimony was clearly sufficient to establish all the elements of the offense. For example, Garcia’s testimony indicated that he personally observed the defendant packaging the marijuana from one of the loads. There was sufficient properly admitted evidence before the jury such that the admission of the two statements set forth above could not possibly have made a difference in the jury’s decision.
 

 B.
 
 Sufficiency of the Evidence.
 
 Defendant’s next argument is that the evidence was insufficient to support his conviction. Evidence is sufficient to support a conviction if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In this case, the essential elements of the offense charged are: 1) agreement with another person to violate the law; 2) knowledge of the essential objectives of the conspiracy; 3) knowing and voluntary involvement; and 4) inter-dependence among the alleged coconspirators.
 
 United States v. Johnson,
 
 12 F.3d 1540, 1545 (10th Cir.1993). The testimony of Lorenzo Garcia, if believed by the jury, was clearly sufficient to establish each of the essential elements listed above. In arguing otherwise, defendant asserts that Garcia was not a credible witness. In examining the sufficiency of the evidence, however, credibility choices are resolved in favor of the jury’s verdict because it is “the responsibility of the finder of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to ultimate facts.”
 
 United States v. Garcia,
 
 994 F.2d 1499, 1504 (10th Cir.1993) (citing
 
 Jackson v. Virginia, supra.)
 
 The credibility of Lorenzo Garcia’s testimony was a matter properly left for the trier of fact to decide.
 
 Garcia,
 
 994 F.2d at 1504. We find that the evidence was sufficient to support the conviction.
 

 C.
 
 Sentencing Issues.
 
 Defendant’s final two arguments pertain to sentencing. First, he contends that the trial court erred in estimating that he was responsible for 210 pounds of marijuana because that figure was not supported by any reliable evidence.
 
 [4]
 
 The government has the burden of proving the quantity of drugs for sentencing purposes.
 
 United States v. Garcia,
 
 994 F.2d 1499, 1508 (10th Cir.1993). We review the district court’s determination under a clearly erroneous standard, and we will not disturb it unless it has no support in the record or unless, after reviewing all the evidence, we are firmly convinced that an error has been made.
 
 United States v. Clark,
 
 57 F.3d 973 (10th Cir.1995). Where, as here, the drugs are not seized and the court relies upon an estimate to determine the offense level under the sentencing guidelines, the information underlying the estimate must possess a “minimum indicia of trustworthiness.”
 
 Garcia,
 
 994 F.2d at 1508. We have allowed quantity determinations to be based on a variety of circumstances, so long as they have “some basis of support in the facts of the particular case.”
 
 Id.
 
 The estimate used in this case was based on the trial testimony of Lorenzo Garcia, who testified that the defendant helped transport or package three carloads of marijuana each containing approximately seventy pounds. Garcia’s testimony as to the amount of marijuana transported was based at least in part on his firsthand observation of one of the loads. He testified that he helped package one of the loads with Nieto and that it was seventy pounds. Tr. Vol. III at 261-65. He also testified that the car normally carried seventy pounds,
 
 id.
 
 at 261, and that he had previously helped package another load (apparently prior to the defendant’s involvement) that was seventy pounds.
 
 Id.
 
 at 246-47.
 
 Cf. Garcia,
 
 994 F.2d at 1509 (estimate was not based on any evidence particular to the case). The judge specifically found that Garcia’s trial testimony on this issue was credible. Tr. Vol. V at 650. We defer to the district court when reviewing the credibility of the
 
 *1470
 
 witness on whose testimony it relies in making its factual findings.
 
 Clark,
 
 57 F.3d at 977. Given the facts of the case, we conclude that the estimate used by the trial court had a minimum indicia of trustworthiness sufficient to support its use and that the court’s finding was not clearly erroneous.
 

 Defendant also contends that the court erred in refusing to find that he was a minimal or minor participant in the criminal activity.
 
 See
 
 USSG § 3B1.2. The district court declined to make a specific finding as to defendant’s role in the offense, noting that such a finding would not affect the sentence because the defendant was required by statute to serve a sixty-month mandatory minimum sentence. Tr. Vol. V at 651. The court imposed a sixty-month sentence. Under the circumstances, the court did not err. The reduction sought by the defendant would have taken his guideline range below the mandatory minimum sentence set by statute. In such a case the statutorily required minimum sentence “shall be the guideline sentence.” USSG § 5Gl.l(b). Thus, the sentence imposed by the court was the result of a correct application of the guidelines.
 
 See Williams v. United States,
 
 503 U.S. 193, 201-02, 112 S.Ct. 1112, 1120, 117 L.Ed.2d 341, 354 (1992) (A sentence is imposed “as a result of’ an incorrect application of the Guidelines when the error results in the district court selecting a sentence from the wrong guideline range.)
 
 See also United States v. Asuncion,
 
 973 F.2d 769, 773 (9th Cir.1992) (District court’s failure to make findings on defendant’s request for a reduction under § 3B1.2 was irrelevant in light of the applicable statutory minimum.)
 

 Conclusion.
 

 The judgment of the district court is AFFIRMED.
 

 [1]
 

 . The district court held a "James hearing” prior to trial to determine the admissibility of cocon-spirator statements.
 
 See United States v. James,
 
 590 F.2d 575, 582 (5th Cir.),
 
 cert. denied,
 
 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979). The record does not disclose whether defendant Nieto requested such a hearing. The evidence presented by the government at that hearing related solely to defendant Escareno. At the conclusion of the hearing the court made the requisite findings under Rule 801(d)(2)(E) as to Escareno. The court made no such findings, either at the hearing or at the trial, concerning Mr. Nieto's participation in the alleged conspiracy.
 

 [2]
 

 . Garcia testified that he and Enrique Gonzales were involved in transporting seven or eight loads of marijuana and that for the last three loads Enrique Gonzales hired "El Negro" (defendant Nieto) to help. Tr. Vol. Ill at 248-49. No objection was made to this testimony. When Garcia was asked what Gonzales hired Nieto for, however, defendant's trial counsel objected on hearsay grounds and cited Rule 801(d)(2)(E).
 
 Id.
 
 at 249. In an ensuing sidebar conference the trial court questioned counsel about what personal knowledge Gonzales had concerning the hire.
 
 Id.
 
 at 250. The prosecutor asserted that Gonzales had been present when Nieto was hired and that he could testify based on his personal knowledge.
 
 Id.
 
 Defense counsel asserted that Gonzales' personal knowledge was limited and that most of what he knew was based on what others told him.
 
 Id.
 
 The trial court then overruled the objection, commenting that "[w]e'll just have to see what happens on personal knowledge."
 
 Id.
 

 [3]
 

 . Although the complete trial transcript was not designated as part of the record in this appeal, it was designated in the related case of
 
 United States v. Contreras,
 
 59 F.3d 1038 (10th Cir.1995). Because a proper resolution of the issues in this appeal requires an examination of the entire record, we have considered appellant's claims in light of the complete transcript.
 

 [4]
 

 . In addition to arguing that the estimate was based on unreliable evidence, defendant asserts that the sentence was based on “a greater amount of marijuana than was reasonably foreseeable." Aplt. Br. at 10. Because the defendant personally aided and abetted the transportation of the marijuana, he is responsible for the amounts thus transported without regard to the issue of reasonable foreseeability.
 
 See
 
 USSG § lB1.3(a)(l)(A) & comment (n. 2).