**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 30 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RAFAEL R. CISNEROS,

    Defendant-Appellant.

No. 97-3134
(D.C. No. 96-CR-20059-2)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Rafael R. Cisneros entered a guilty plea to a conspiracy charge alleging he

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

participated in a conspiracy to distribute more than five kilograms of cocaine and more than 100 kilograms of marijuana.  The presentence report concluded Mr. Cisneros' relevant conduct included seven kilograms of cocaine.  The sentencing court, following an evidentiary hearing, concluded Mr. Cisneros' relevant conduct did indeed include seven kilograms of cocaine.  Mr. Cisneros appeals this factual determination, asserting the testimony of a coconspirator, which established the seven kilogram quantity, lacked sufficient indicia of reliability.  We affirm.

The entry of the guilty plea provides little help in establishing the quantity of drugs.  Both the United States and Mr. Cisneros advised the sentencing court the charged amounts of drugs were not elements of the charged offense, but were instead sentencing factors that would be reserved for litigation at sentencing.  The colloquy at the entry of the guilty plea merely established Mr. Cisneros had supplied "several kilograms of cocaine" to a coconspirator, Guido Giraldo-Hurtado.

The presentence report recommended the sentencing court find Mr. Cisneros had distributed approximately seven kilograms of cocaine to Mr. Giraldo-Hurtado, based upon a statement made by Mr. Giraldo-Hurtado to investigators.  Mr. Cisneros objected to the presentence report, contending he had

been responsible for only 2.6 kilograms of cocaine.

A sentencing hearing was held. Mr. Cisneros produced no evidence at the hearing. The United States produced evidence through the testimony of two witnesses. The first witness was an FBI agent who testified he interviewed several of Mr. Cisneros' codefendants. One, James Atterberry, stated Mr. Cisneros had provided cocaine to Guido Giraldo-Hurtado for some five years. The FBI agent further testified Mr. Giraldo-Hurtado had told him that on some of Mr. Cisneros' trips to Houston and Miami, Mr. Cisneros would pick up as much as five kilograms of cocaine. According to the FBI agent, Mr. Giraldo-Hurtado had also stated Mr. Cisneros provided him with about ten kilograms of cocaine over the five-year period of their relationship. Finally, the FBI agent testified that Mr. Cisneros was implicated in a reverse sting operation involving five kilograms of cocaine.

Mr. Giraldo-Hurtado, the second witness, testified that while he was working in a restaurant owned by Mr. Cisneros, he observed incidents of sales of cocaine by Mr. Cisneros. Mr. Giraldo-Hurtado estimated that between two and three kilograms of cocaine were sold from the restaurant during the four- to five-month period when he worked in the restaurant. Mr. Giraldo-Hurtado further

testified that after Mr. Cisneros returned from a trip to Columbia, Mr. Cisneros supplied approximately an additional five kilograms of cocaine to Mr. Giraldo-Hurtado, who in turn sold the cocaine to others. Mr. Giraldo-Hurtado estimated the total amount of cocaine he received from Mr. Cisneros during the charged conspiracy was between seven and ten kilograms.

Mr. Cisneros makes a variety of arguments to persuade us the evidence, summarized above, lacked sufficient indicia of reliability. He argues: (1) Mr. Giraldo-Hurtado's estimates were based solely upon memory, "without benefit of or regard to occurrences, quantities, dates, or divisions upon which any sort of calculation could be made"; and (2) Mr. Giraldo-Hurtado's estimates were derived from typical transactions he had with all his drug suppliers -- Mr. Cisneros being only one of several sources.

We review a sentencing court's drug quantity determination under the clearly erroneous standard, and we are bound to accept this determination unless we are firmly convinced error has occurred. *United States v. McCloud*, 127 F.3d 1284, 1290 (10th Cir. 1997); *United States v. Nieto*, 60 F.3d 1464, 1469-70 (10th Cir. 1995), *cert. denied*, 516 U.S. 1081 (1996). It is axiomatic that credibility determinations are for the trial court, not the appellate court. Looking solely at

-4-

the record on appeal, there is sufficient evidence to support the sentencing court's

factual findings.

Accordingly, we **AFFIRM** the judgment and sentence of the district court.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge