**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 3, 2005**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

VICTOR MANCILLAS,

    Defendant-Appellant.

No. 04-3087
(D.C. No. 02-CR-10140-20-MLB)
(Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Victor Mancillas was charged with one count of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 846, one count of distribution of approximately 218 grams of methamphetamine in violation of 21 U.S.C. §

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

841(a)(1) and 18 U.S.C. § 2, and eight counts of using a communication facility to facilitate the distribution of a controlled substance in violation of 21 U.S.C. § 843(b). After a jury trial, Mr. Mancillas was found guilty on all counts and sentenced to a mandatory minimum term of ten years incarceration pursuant to 21 U.S.C. § 841(b)(1)(A). Mr. Mancillas' counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moved for leave to withdraw as counsel. For the reasons set out below, we deny counsel's motion to withdraw and remand the case to the district court.

*Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, he may so advise the court and request permission to withdraw. *Id.* at 744. Counsel must also submit to both the court and his client a brief referring to anything in the record arguably supportive of the appeal. *Id.* The client may then raise any point he chooses, and the court thereafter undertakes a complete examination of all proceedings and decides whether the appeal is in fact frivolous. *Id.* If it so finds, it may grant counsel's request to withdraw and dismiss the appeal. *Id.* Pursuant to *Anders*, counsel provided Mr. Mancillas with a copy of his appellate brief. Mr. Mancillas was given an opportunity to respond, which he did by filing a *pro se* reply brief raising several issues.

Mr. Mancillas first contends the government failed to present sufficient

evidence to sustain his conviction. This court reviews *de novo* a sufficiency of the evidence challenge. *United States v. Hanzlicek*, 187 F.3d 1228, 1239 (10th Cir. 1999). In advancing such a challenge, Mr. Mancillas is "faced with a high hurdle." *United States v. Voss*, 82 F.3d 1521, 1524 (10th Cir. 1996). This court must examine the evidence adduced at trial in the light most favorable to the government, determining only whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Hanzlicek*, 187 F.3d at 1239. We must consider both direct and circumstantial evidence, as well as any reasonable inferences to be drawn from that evidence. *United States v. Davis*, 1 F.3d 1014, 1017 (10th Cir. 1993). Furthermore, in resolving such a challenge, we do not weigh conflicting evidence or consider the credibility of witnesses. *United States v. Pappert*, 112 F.3d 1073, 1077 (10th Cir. 1997). It is the jury's prerogative as fact finder to resolve conflicting testimony, weigh the evidence, and draw inferences from the facts presented. *United States v. Nieto*, 60 F.3d 1464, 1469 (10th Cir. 1995). A review of the trial record under these standards convinces us the evidence was more than sufficient for a reasonable juror to find Mr. Mancillas guilty on all charges.[1]

---

[1]At sentencing, Mr. Mancillas complained that his apartment had been illegally searched by the police. Rec. vol. V, at 7. The exclusionary rule bars the admission of physical evidence and live testimony obtained directly or indirectly through the exploitation of unconstitutional police conduct. *Wong Sun v. United States*, 371 U.S. 471, 485-88 (1963); *United States v. Lin Lyn Trading, Ltd.*, 149

Mr. Mancillas also contends the admission of telephone transcripts into evidence constitutes error because the transcripts were not accurately transcribed from Spanish to English. Mr. Mancillas did not move for the suppression of the recordings or transcripts prior to trial, nor did he object to their admission into evidence at trial. Generally, the failure to object to the admissibility of evidence constitutes a waiver of the issue absent plain error. *United States v. Jones*, 44 F.3d 860, 875 (10th Cir. 1995). Before an appellate court can correct an error not raised at trial, there must be (1) "error," (2) that is "plain," and (3) that "affect[s] substantial rights." *United States v. Olano*, 507 U.S. 725, 732 (1993). If all three conditions are met, we may then exercise our discretion to notice a forfeited error, but only if (4) "the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id*. (quotation omitted).

"The admission of transcripts to assist the trier of fact lies within the discretion of the trial court." *United States v. Gomez*, 67 F.3d 1515, 1526 (10th Cir. 1995) (citing *United States v. Mayes*, 917 F.2d 457, 462 (10th Cir. 1990)).

---

F.3d 1112, 1116 (10th Cir. 1998). However, when questioned by the district court, Mr. Mancillas admitted that no evidence was obtained during the search of his apartment that was used against him during the proceedings. Rec. vol. V, at 7. Therefore, even if Mr. Mancillas prevailed in his argument that officers conducted an illegal search of his apartment, the district court had no evidence before it that could be suppressed. *United States v. Walker*, 931 F.2d 631, 633 (10th Cir. 1991).

Mr. Mancillas' counsel neither moved to suppress the transcripts nor objected at trial when the government attorney introduced them. The district court had no way of knowing that Mr. Mancillas took issue with admission of the transcripts, and nothing in the record suggests the district court abused its discretion in admitting them. Accordingly, Mr. Mancillas has failed to satisfy the first prong of the plain error analysis and our inquiry ends. *Olano,* 507 U.S. 725.

Mr. Mancillas next complains that he was denied his Sixth Amendment right to effective assistance of counsel because, among other things, his counsel failed to raise a Fourth Amendment claim on his behalf. This court has repeatedly stated that ineffective assistance claims should be brought in collateral proceedings, not on direct appeal. *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). "Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *Id*.; *see also United States v. Coleman*, 9 F.3d 1480, 1487 (10th Cir. 1993). Mr. Mancillas has failed to show his claim qualifies as one of those "rare instances" in which we should hear an ineffective counsel challenge on direct review. *Galloway*, 56 F.3d at 1240.

Mr. Mancillas also argues that his sentence was imposed in violation of his Sixth Amendment right to a jury trial, citing *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Supreme Court recently held the federal sentencing guidelines were incompatible with the

Sixth Amendment requirement that a jury find certain sentencing facts, thus requiring severance of the guidelines' mandatory provisions. *United States v. Booker*, 125 S. Ct. 738, 764 (2005). We need not reach any issues connected to *Blakely* or *Booker*, however, because, whether or not the district court committed a Sixth Amendment sentencing error, the court's erroneous imposition of a ten year statutory minimum requires a remand for re-sentencing. *United States v. Cano-Silva*, 402 F.3d 1031, 1039 (10th Cir. 2005).

According to the presentence report (PSR), Mr. Mancillas' total offense level was 30 pursuant to U.S.S.G. § 2D1.1(a)(3) because of the amount of controlled substances involved in his offenses. *See* PSR at 12. Based on an offense level of 30 and a criminal history category of I, Mr. Mancillas' guidelines range was 97 to 121 months. *See* U.S.S.G. ch. 5, pt. A. The PSR advised the district court, however, that 21 U.S.C. § 841(b)(1)(A) required that Mr. Mancillas receive a ten year minimum penalty. *See* U.S.S.G. § 5G1.1(c)(2) (stating that a "sentence may be imposed at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence"). Following the recommendation of the PSR, the court sentenced Mr. Mancillas to the statutory mandatory minimum term of ten years.

Section 841(b)(1)(A) makes clear that a mandatory minimum ten year term

of imprisonment must be imposed when a defendant is convicted of, *inter alia*, either distribution of or conspiracy to distribute "500 grams or more of a mixture or substance containing a detectable amount of methamphetamine" or distribution of or conspiracy to distribute "5 kilograms or more of a mixture or substance containing a detectable amount of . . . cocaine." 21 U.S.C. §§ 841(b)(1)(A)(ii), (viii). As stated above, Mr. Mancillas was indicted on one count of distribution of approximately 218 grams of methamphetamine and one count of conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine. Neither the amount of methamphetamine nor the amount of cocaine alleged in Mr. Mancillas' indictment was sufficient to trigger the ten-year mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A). Therefore, as the government concedes, the district court plainly erred by sentencing the defendant to a statutory minimum ten year sentence.

For the aforementioned reasons, we **DENY** counsel's request to withdraw and **REMAND** this case to the district court for resentencing. The resentencing proceeding must be conducted in light of *Booker*. Appellee's motion to supplement the record is denied as moot.

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge