**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 28, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DAVID LEE TURNER,

Defendant-Appellant.

No. 06-2295

(D. New Mexico)

(D.C. No. CR-04-1849-JH)

**ORDER AND JUDGMENT***

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

I.     **Introduction**

Appellant David Lee Turner was convicted of possession with intent to

distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. §

841(a)(1), (b)(1)(A).  In this appeal, Turner alleges his Sixth Amendment rights

were violated by the admission of testimonial hearsay statements regarding the

weight of the marijuana seized from his truck.  Exercising jurisdiction pursuant to

---

*This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

28 U.S.C. § 1291, we conclude Turner has not met his burden of demonstrating plain error and **affirm** his conviction.

## II.  Background

On July 19, 2004, Turner entered a border patrol checkpoint near Alamogordo, New Mexico.  As Border Patrol Agent Eduardo Ortiz questioned Turner about his citizenship, he detected a strong odor of marijuana in the cab of Turner's tractor-trailer rig.  Ortiz directed Turner to a secondary inspection area where Agent Matt Carpela ran a drug-detecting dog around the truck.  The dog alerted to the presence of narcotics in the cab area.  Carpela searched the cab and found three duffle bags containing a substance that field-tested as marijuana. Carpela testified he "was told by other agents" that the marijuana found in the cab weighed 168 pounds.

Agent Carpela also physically inspected the inside of Turner's trailer, discovering sixteen large, shrink-wrapped boxes which were inconsistent with the rest of Turner's load.  Ten agents assisted Ortiz and Carpela in removing the boxes from the trailer and Carpela testified each box was too heavy for one person to lift.  The boxes contained individually wrapped bundles of marijuana which were weighed by the agents.  Carpela was involved in opening the boxes, placing the bundles on the scale, and restacking the bundles.  Carpela testified the total weight of the marijuana found in the trailer exceeded 1000 kilograms but admitted on cross-examination that he did not personally calculate the total

weight. Ortiz, however, testified that sixteen boxes were removed from the trailer and the total weight of the marijuana in those boxes was 3532 pounds, which is more than 1000 kilograms. Turner did not object to the foundation of Ortiz's testimony and Ortiz was not cross-examined.

DEA Agent Amy Billhymer obtained samples of the marijuana found in the cab and trailer of Turner's rig and sent those samples to a DEA laboratory. The samples were analyzed by DEA forensic chemist Allayne Furguson. Relying on the information recorded on Government Exhibit 15, Furguson testified the marijuana seized from Turner's cab weighed 70.7 kilograms and the marijuana found in the trailer weighed 1344.2 kilograms. Government Exhibit 15 was admitted into evidence without any objection from Turner and is comprised of two documents both entitled, "Report of Drug Property Collected, Purchased or Seized."

The jury found Turner guilty of the drug charge and he was sentenced to 121 months' imprisonment. Turner then filed this appeal, challenging his conviction.

## III. Discussion

Turner argues his Sixth Amendment confrontation rights were violated by the admission of testimonial hearsay offered to prove the weight of the marijuana seized from his truck. Because Turner did not bring this alleged constitutional error to the attention of the district court, we review for plain error. *United*

*States v. Solomon*, 399 F.3d 1231, 1237-38 (10th Cir. 2005) ("[W]here a Confrontation Clause objection is not explicitly made below we will not address the constitutional issue in the absence of a conclusion that it was plain error for the district court to fail to raise the constitutional issue *sua sponte*." (quotation omitted)). To meet his burden under the plain error analysis, Turner must show the district court (1) committed error, (2) that was plain, and (3) affected his substantial rights. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc). Even if Turner can meet this burden, this court will not notice the error unless he can also demonstrate it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. (quotation omitted). Because Turner is alleging constitutional error, we apply the plain error rule less rigidly. *United States v. James*, 257 F.3d 1173, 1182 (10th Cir. 2001).

In *Crawford v. Washington*, 541 U.S. 36, 68 (2004), the Supreme Court held the Confrontation Clause of the Sixth Amendment prohibits the admission of testimonial hearsay unless the declarant is unavailable and the defendant had an earlier opportunity to cross-examine the declarant. *Id*. at 68. The Court did not define testimonial hearsay, but stated the term "applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." *Id*. Interpreting *Crawford*, this court has held a "statement is testimonial if a reasonable person in the position of the declarant would objectively foresee that his statement might be used in the investigation or

prosecution of a crime." *United States v. Summers*, 414 F.3d 1287, 1302 (10th Cir. 2005). Turner asserts all the Government's evidence relating to the weight of the marijuana found in his truck, including the testimony of Ortiz, Carpela, and Furguson and the information on the weight of the marijuana recorded on the documents admitted as Government Exhibit 15, is testimonial hearsay admitted in violation of the Confrontation Clause. He further argues the district court's error in admitting the testimony was plain because it was contrary to *Crawford*. *See United States v. Whitney*, 229 F.3d 1296, 1309 (10th Cir. 2000).

The Government concedes both Carpela's testimony that someone told him the marijuana in the duffle bags weighed 168 pounds and the information in Government Exhibit 15 regarding the weight of the marijuana are hearsay. However, it disputes Turner's contention Ortiz's testimony as to the weight of the marijuana found in the trailer was hearsay, let alone testimonial hearsay.[1] Ortiz did not testify he personally weighed the marijuana from the trailer. Carpela, however, testified Ortiz was present when the boxes were unloaded and further testified the agents weighed the bundles of marijuana as they removed them from the boxes. Ortiz testified he helped re-stack the bundles. When asked the weight of the marijuana discovered in the boxes, Ortiz answered, "3,532 pounds."

---

[1]The Government also argues Carpela's testimony regarding the weight of the marijuana found in the trailer was not hearsay. While the merits of this argument are debatable, it is unnecessary to address the issue to resolve this appeal.

Turner asserts Ortiz did not have first-hand knowledge of the total weight of the marijuana but at trial he did not challenge the foundation of Ortiz's testimony and Ortiz was not cross-examined on the issue. "To the extent a lack of foundation in some answers makes it unclear whether certain testimony was based on personal knowledge or hearsay, we conclude that admitting such evidence in the absence of an objection [does] not constitute plain error." *United States v. Nieto*, 60 F.3d 1464, 1468 (10th Cir. 1995). Because Turner's argument has no support in the record, we conclude the admission of Ortiz's statement was not error.

Having concluded it was not plain error to admit Ortiz's testimony regarding the weight of the marijuana found in the trailer, it becomes unnecessary for us to decide whether the remainder of the challenged evidence is testimonial hearsay prohibited by *Crawford*. Even if we assume for purposes of this appeal that Turner is able to satisfy the first two prongs of the plain-error test as to the admission of that additional evidence, he cannot meet his burden under the third prong.

To satisfy the third prong of the plain-error test, Turner "bears the burden of establishing the error impacted substantial rights by demonstrating the outcome of the trial would have been different but for the error." *United States v. Harlow*, 444 F.3d 1255, 1261 (10th Cir. 2006). Accordingly, Turner must show there is a reasonable probability that, absent the alleged error, the jury would not have found the weight of the marijuana exceeded 1000 kilograms. There was,

however, a significant amount of evidence to support the jury's finding. In addition to Ortiz's uncontroverted testimony that the drugs found in Turner's trailer weighed more than 1000 kilograms, the Government introduced photographs of the sixteen enormous boxes removed from the trailer and the bundles of marijuana removed from those boxes. In light of this evidence, we cannot conclude there is a reasonable probability that, absent the alleged testimonial hearsay, the jury would not have found the marijuana weighed more than 1000 kilograms.

**IV.    Conclusion**

Because Turner cannot satisfy the third prong of the plain error test, we **affirm** his conviction.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-7-