**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 10, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

VICTOR MANCILLAS,

Defendant-Appellant.

No. 07-3322

(D. of Kan.)

(D.C. No. 02-CR-10140-MLB)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Victor Mancillas, a federal prisoner appearing pro se, appeals the district court's denial of his motion for reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure.  For the reasons set forth below, we AFFIRM the district court's order.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

**I.**

This is Mancillas's fourth time in our court, and his third visit related to sentencing. The last time we considered Mancillas's 97-month term of imprisonment for a litany of drug-related offenses, we found no error with the district court's sentence and affirmed. *United States v. Mancillas*, 180 F. App'x 820, 823 (10th Cir. 2006). Repeating the argument he previously asserted, and supplying a couple of new claims, Mancillas filed a motion in the district court seeking to reduce his 97-month sentence pursuant to Rule 35.[1]

**II.**

Rule 35 authorizes the district court to reduce a defendant's sentence only in one of two instances:[2] (1) "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error," Fed. R. Crim. P. 35(a); or (2) "Upon the government's motion . . . , the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person," *id.* 35(b). *United States v. Green*, 405 F.3d 1180, 1184–85 (10th Cir. 2005) (same). Because Mancillas filed his motion well past the seven-day limitations period, and because

---

[1] Because Mancillas is proceeding pro se, we construe his petition liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[2] Mancillas specifically requested relief under Rule 35, and thus we need not address other grounds listed in 18 U.S.C. § 3582(c) that provide district courts with authority to reduce sentences.

the motion was not initiated by the government, we agree the district court did not have authority under Rule 35 to reduce Mancillas's sentence.

To the extent Mancillas appears to raise an ineffective assistance of counsel claim, we remind him of what we said the first time he appealed his sentence:

> This court has repeatedly stated that ineffective assistance claims should be brought in collateral proceedings, not on direct appeal. . . . Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed. . . . Mr. Mancillas has failed to show his claim qualifies as one of those rare instances in which we should hear an ineffective counsel challenge on direct review.

*United States v. Mancillas*, 132 F. App'x 780, 783 (10th Cir. 2005) (internal citations and quotation marks omitted). Because he again failed to demonstrate why we should consider his ineffective assistance claim on this appeal, we again decline to address it.

### III.

Accordingly, we AFFIRM the district court's order denying Mancillas's Rule 35 motion for reduction of sentence. But even though he did not prevail on appeal, we remind Mancillas of his obligation to pay the filing fee.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge